## No. 16,833.

### ESTATE OF HAYS.
### HAYS *v.* BURNAM, CONSERVATOR.
(257 P. [2d] 972)

Decided April 27, 1953.   Rehearing denied May 25, 1953.

Mr. W. Richard Means, Mr. Albert S. Isbill, Mr. Warren E. Roberts, Mr. Robert D. Means, for plaintiff in error.

Messrs. Phelps, Wittelshofer & Calkins, Mr. Paul B. Rodden, for defendant in error.

*En Banc.*

Mr. Chief Justice Stone delivered the opinion of the court.

Various methods have been adopted by appellate courts for presenting records for review. In some courts the printing of the entire record is required. In order to effect economy of time and expense, this court for many years required the printing of an abstract of the record only, containing the parts of the record upon which counsel relied for reversal. In order to promote still further economy, we have attempted, by recent rule change, to eliminate the necessity of an abstract of the record by requiring instead that plaintiff in error set forth in his brief such parts of the pleadings, evidence, findings and judgment as he relies upon to support his contention of error in the trial court, thinking that thereby still further condensation might be made of the essential parts of the record, than by means of abstract, followed by partial restatement of the facts in the brief. Nowhere have we intimated that because of eliminating the abstract, counsel has been relieved of

the duty of setting out such parts of the pleadings, the evidence, the findings and the judgment as are required to support his contentions of error. On the contrary, in Rule 115(a), as revised at the time we first eliminated the requirement for an abstract, and as in effect when the brief of plaintiff in error now before us was filed, we said that, "Plaintiff in error shall set forth in his brief a concise statement of the case containing all that is material to the consideration of the questions presented with appropriate folio references to the record. Pertinent provisions of the pleadings, documentary evidence, instructions given or refused, to which proper objections were made, findings and conclusions of the trial court, and judgment may be set forth in the brief or in an appendix thereto." Subsequently, the rule again was amended, restating the requirement still more in detail.

In the instant case, the record contains almost 1500 folios. The "concise statement of the case" required by the rule is less than four pages in length. No mention is made therein of the substance of the pleadings or issues involved, and no statement even of the nature of the judgment of which complaint is made, or of the findings, if any, of the court upon which its judgment was grounded. No showing is made as to the witnesses who were heard or as to their testimony. No mention is made of documentary evidence. It is impossible from the briefs to obtain any concept whatever of the merits or facts or even of the issues relied on.

The writ of error is dismissed.