The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

James Melvin **WALTERS**, Defendant–Appellant.

No. 86CA1112.

Colorado Court of Appeals, Div. I.

June 30, 1988.

Rehearing Denied July 28, 1988.

Certiorari Denied Dec. 5, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Barbara S. Blackman, Deputy State Public Defender, Denver, for defendant-appellant.

PLANK, Judge.

Defendant, James Melvin Walters, appeals the judgment of conviction entered on a jury verdict finding him guilty of first degree sexual assault. We reverse.

The charges against defendant arose out of an incident in which police responded to a report of a woman screaming. Upon their arrival, the woman jumped out of defendant's vehicle and related to the police she was being assaulted. Defendant indicated to police that the woman had consented to the activity.

At trial, the woman did not testify, although the court had been previously advised that either she would testify, or the prosecution would not proceed. Instead, the prosecution proffered, and the court permitted, hearsay testimony by police describing her version of the events.

Defendant contends the admission of this evidence was reversible error. We agree.

*People v. Dement*, 661 P.2d 675 (Colo. 1983) provides a two-step test for determining the admissibility of the testimony at issue. As an initial condition for it to be admissible, the prosecution must either produce the hearsay declarant for cross-examination or demonstrate the witness' unavailability. *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980); *People v. Dement, supra; People v. Mathes*, 703 P.2d 608 (Colo.App.1985).

"Unavailability" for purposes of this test means the prosecution has made good faith efforts to produce the witness without success. *Ohio v. Roberts, supra; Barber v. Page*, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968). In *Ohio v. Roberts, supra,* the court stated:

> The law does not require the doing of a futile act. Thus, if no possibility of procuring the witness exists (as, for example, the witness' intervening death), "good faith" demands nothing of the prosecution. But if there is a possibility, albeit remote, that affirmative measures might produce the declarant, the obligation of good faith *may* demand their effectuation. "The lengths to which the prosecution must go to produce a witness ... is a question of reasonableness." (citation omitted)

On the facts presented, we hold the complaining witness' unavailability was not established.

Here, the prosecution was aware throughout the period before trial that the woman could not be located. Before jury selection, the prosecutor stated she had been found eighteen days before trial in Atlanta, Georgia, but she had not been subpoenaed. Instead, the prosecutor had relied upon her assurances that she would appear. We do not consider this to be sufficient to represent a good faith effort to produce a witness whose whereabouts had been unknown for several months. Hence, the first requirement for admissibility of the hearsay testimony under the *Dement* test was not met, and the court erred in admitting that testimony.

The judgment is reversed and the cause is remanded for a new trial.

PIERCE and TURSI, JJ., concur.