The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

James Melvin WALTERS, Defendant–Appellant.

No. 89CA0802.

Colorado Court of Appeals, Div. I.

Aug. 15, 1991.

Rehearing Denied Sept. 26, 1991.

Certiorari Denied Dec. 23, 1991.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen. Paul Koehler, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Barbara S. Blackman, Sp. Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge MARQUEZ.

Defendant, James Melvin Walters, appeals the judgment of conviction entered on a jury verdict finding him guilty of first degree sexual assault. We affirm.

The record reflects that during the night of December 26, 1985, two individuals who lived across from a park reported to police that they had heard a person screaming. One had heard the screams for about twenty minutes before calling police.

Upon responding, the police saw a parked car with its brake lights intermittently flashing. When the police car's presence became apparent, the car attempted to leave, but was blocked by the police. One officer saw two people in the car "jostling" or "scuffling."

The passenger door of the car then opened and a partially dressed woman ran out screaming. The woman's pants and torn pantyhose were pulled down around her knees, and a pair of handcuffs dangled from her left wrist and a red, swollen, indentation appeared on her right wrist.

The police officers then ordered the other individual out of the vehicle. Defendant exited with his hands in the air and his partially erect penis protruding from his pants. His penis was covered with a "glazed, moist substance" that later tests showed to be saliva. Handcuff keys were found in defendant's pockets.

Following a jury trial at which the victim did not testify, defendant was convicted of first degree sexual assault and sentenced to the Department of Corrections for 24 years. On appeal, the judgment of convic-

tion was reversed because of the admission of hearsay testimony describing the alleged victim's version of the events and failure to establish her unavailability. *People v. Walters,* 765 P.2d 616 (Colo.App.1988).

On remand, the victim again did not appear at trial. The court, after a hearing, found that the prosecution had failed to present sufficient evidence of the victim's unavailability and then barred the admission of any of the victim's statements. However, the jury at the second trial also found defendant guilty of first degree sexual assault.

## I.

■ Defendant first contends that the absence of the victim at trial violated his state and federal constitutional rights of confrontation and that, therefore, his conviction must be vacated. We disagree.

The Sixth Amendment provides in part that:

> "In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him...."

In addition, Colo. Const. art. II, § 16, provides that a criminal defendant has the right "to meet the witnesses against him face to face."

■ This fundamental right guarantees the defendant a face-to-face meeting with witnesses appearing before the trier of fact. *Coy v. Iowa,* 487 U.S. 1012, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988); *Topping v. People,* 793 P.2d 1168 (Colo.1990).

However, the confrontation clause does not come into play when a potential witness neither testifies nor provides evidence at trial. *United States v. Porter,* 764 F.2d 1 (1st Cir.1985), *cert. denied,* 481 U.S. 1048, 107 S.Ct. 2178, 95 L.Ed.2d 835 (1987) (government under no obligation to call the informant as a witness at trial); *Turn-bough v. Wyrick,* 420 F.Supp. 588 (E.D.Mo. 1976), *aff'd,* 551 F.2d 202 (8th Cir.1977), *cert. denied,* 431 U.S. 941, 97 S.Ct. 2658, 53 L.Ed.2d 260 (1977) (right of confrontation is not denied by failure of state to call victim as a witness). *See United States v. Heck,* 499 F.2d 778 (9th Cir.1974), *cert. denied,*

419 U.S. 1088, 95 S.Ct. 677, 42 L.Ed.2d 680 (1974) (defendant not denied right of confrontation by government's failure to call assault victim as a witness); *Shuler v. Wainwright,* 491 F.2d 1213 (5th Cir.1974) (no due process violation occurred when rape victim's statement was not produced at trial and victim did not testify).

Here, the victim did not testify at the second trial. Furthermore, no statements made by her were admitted into evidence. The record shows that the trial court admitted only testimony as to the volume and intensity of her screams and descriptions of the victim's appearance and actions. No evidence of the content of the screams was admitted. Thus, since the victim was not a witness against him, the defendant's confrontation rights were not violated.

Defendant's argument that the report of the victim's screams and actions constituted non-verbal hearsay is without merit since there is nothing in the evidence presented to the jury in the second trial to support a finding that the victim's conduct was intended to be communicative so as to be a "statement." *See* CRE 801(a); *People v. Bowers,* 801 P.2d 511 (Colo.1990).

## II.

Defendant next contends that the prosecutor's conduct violated his due process rights bringing about a denial of fundamental fairness, shocking to the universal sense of justice and that, therefore, his conviction must be vacated. We disagree.

### A.

Defendant argues that the prosecutor committed misconduct by permitting prosecution witnesses to relay hearsay statements. We find no error.

Although an appellant is required to set out the part of the record supporting his contentions of error, *In re Estate of Hays,* 127 Colo. 411, 257 P.2d 972 (1953), in his argument defendant does not specifically identify or provide record citations for the alleged instances in which the prosecutor allowed witnesses to relay hearsay statements.

■ Despite this failure of defendant, examination of the record clearly shows that the prosecutor did not attempt to elicit hearsay statements. Also, the court instructed the jury to disregard even those few parts of the testimony that could possibly be considered hearsay. It is presumed that the jury followed the court's instructions. *People v. Smith*, 620 P.2d 232 (Colo. 1980).

### B.

■ We also reject defendant's assertion that the prosecutor made improper jury arguments by allegedly denigrating defendant's theory of the case instruction and by representing that it was the victim's saliva on defendant's penis.

■ The scope of final arguments rests in the sound discretion of the trial court, and its rulings thereon will not be disturbed by an appellate court in the absence of a gross abuse of discretion resulting in prejudice and a denial of justice. *People v. Moody*, 676 P.2d 691 (Colo.1984).

■ Claims of improper argument must be evaluated in the context of the argument as a whole and in light of the evidence before the jury, both of which are done best by the trial court. *People v. Gutierrez*, 622 P.2d 547 (Colo.1981). Further, a prosecutor may argue the facts in evidence and reasonable inferences from those facts. *People v. Rodriguez*, 794 P.2d 965 (Colo.1990).

Thus, placed within the context of the entire argument, the prosecutor's comments were not objectionable. In any event, they did not create a denial of fundamental fairness or shock the universal sense of justice.

### III.

■ Defendant next contends that the evidence was insufficient to sustain a jury finding that sexual penetration occurred. We disagree.

If the sufficiency of the evidence to support a guilty verdict is challenged, we must review the testimony in the light most favorable to the prosecution. If there is sufficient competent evidence to establish the essential elements of a crime, a guilty verdict will not be overturned. *People v. Diefenderfer*, 784 P.2d 741 (Colo.1989).

For purposes of review, it will be assumed that the jury adopted that evidence, *or any reasonable inferences therefrom*, which supports its verdict. *Wilson v. People*, 143 Colo. 544, 354 P.2d 588 (1960).

Here, we conclude that the evidence, viewed in the light most favorable to the prosecution, is sufficient to establish that defendant sexually assaulted the victim by forcing her to submit to placing his penis into her mouth. The testimony that the victim was screaming for about twenty minutes before the police arrived, together with testimony concerning the state of defendant's and the victim's clothes, and that the police saw defendant's penis covered with what later tests showed to be saliva, was sufficient to support a conclusion that all elements of the charged crime were present.

### IV.

■ Defendant contends that the trial court erred in allowing a deputy sheriff to testify that when he arrived on the scene he believed that a crime was occurring and that this was improper lay opinion testimony as to defendant's guilt.

However, a review of the record shows that the witness was merely testifying as to the reasons for his actions and not giving his opinion as to defendant's guilt. *See People v. Tenorio*, 197 Colo. 137, 590 P.2d 952 (1979). Thus, this testimony was admissible to show the circumstances surrounding the arrest. *See Allarid v. People*, 162 Colo. 537, 427 P.2d 696 (1967).

Defendant's remaining contentions are without merit.

Judgment affirmed.

STERNBERG, C.J., and PIERCE, J., concur.