In re the MARRIAGE OF Robert
Emmet PURCELL, Appellant,

and

Heather Dee Purcell, Appellee.

No. 93CA2025.

Colorado Court of Appeals,
Div. V.

July 28, 1994.

Robert Emmet Purcell, pro se.

Zupkus & Ayd, P.C., Susan B. Price, Stefan Kazmierski, Greenwood Village, for appellee.

.Opinion by Judge NEY.

In this dissolution of marriage proceeding, Robert Emmet Purcell (husband) appeals the order denying his motions to seal the record and for attorney fees. We affirm and remand for an award of attorney fees to Heather Dee Purcell (wife).

## I.

■ The husband first contends that the trial court improperly denied the stipulated motion to seal the record. We disagree.

Pursuant to C.R.C.P. 121 § 1–5, the trial court may limit access to court files upon motion of any party. However, an order limiting access shall not be granted except upon a finding that the harm to the privacy of a person in interest outweighs the public interest.

Here, the parties moved to seal the court file, asserting that the action was "likely to reveal ... extremely personal, private, and confidential matters" and that "there is no legitimate interest of the public in having access to the Court records in this action, and therefore ... the public will not be harmed by the requested order." The court determined that "inadequate cause" had been shown and denied that motion. After the parties filed their financial affidavits and separation agreement, they filed a renewed motion to seal. The court denied that motion as "legally insufficient."

Hence, we perceive no abuse of discretion in the court's ruling. On the motions at issue, although both parties requested sealing of the record, the court was not obligated to find that harm to the parties' privacy outweighed the public interest, and under C.R.C.P. 121 § 1–5, it was not required to seal the record. Moreover, our review of the documents sought to be sealed leads us to conclude that they contain nothing unusual or that would mandate that they be sealed.

## II.

■ The husband also contends that the trial court erred in denying his motion for attorney fees. We find no merit in this contention.

The husband, an attorney appearing *pro se*, sought an award of fees for his response to the wife's motion for temporary orders. He asserted that mediation or arbitration was required by the parties' separation agreement, so that the wife's motion was improper. However, the husband admits that he would not have appealed this matter, except for his desire to have the record sealed. Further, he cites no authority suggesting that the court abused its discretion in denying his request for fees, and we are not persuaded by his unsupported argument and allusions to facts not in the record. Therefore, we will not reverse the order denying his motion for fees.

## III.

■ The wife requests an award of her attorney fees incurred in responding to this appeal. We agree that the husband's appeal of the denial of his motion for attorney fees is frivolous, so that an award of fees to the wife is appropriate. *See* C.A.R. 38(d); *Mission Denver Co. v. Pierson,* 674 P.2d 363 (Colo. 1984). On remand the trial court is directed to determine the wife's reasonable fees incurred for that part of the appeal and enter judgment accordingly.

The order is affirmed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

ROTHENBERG and CASEBOLT, JJ., concur.