Oscar CASTILLO, Plaintiff–Appellant,

v.

Rebecca KOPPES–CONWAY, Defendant–Appellee.

No. 04CA0975.

Colorado Court of Appeals, Div. V.

June 15, 2006.

Rehearing Denied Aug. 10, 2006.

**290**

Law Office of Richard K. Blundell, Richard K. Blundell, Greeley, Colorado, for Plaintiff–Appellant.

Kennedy, Childs & Fogg, P.C., Ronald H. Nemirow, Molly A. Walsh, Jennifer C. Madsen, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge RUSSEL.

Plaintiff, Oscar Castillo, appeals the trial court's order granting summary judgment for defendant, Rebecca Koppes–Conway. We affirm and remand with directions.

## I.

Plaintiff hired defendant to represent him in a workers' compensation case. The fee agreement provided, among other things,

that if plaintiff fired defendant before the case was resolved, he would pay her for work that she had performed.

Plaintiff later fired defendant and hired his present attorney. Defendant filed an attorney's lien, alleging that plaintiff had failed to pay her under the fee agreement.

Plaintiff then sued defendant. He asserted numerous claims, including breach of contract and professional duties, abuse of process, violation of the Colorado Consumer Protection Act, conversion, fraud, slander against title, and violation of federal and state racketeering laws. He brought these claims on his own behalf and purportedly on behalf of others similarly situated. Defendant answered, denying plaintiff's allegations and asserting various defenses, including the statute of limitations and failure to state a claim.

Defendant later moved for summary judgment. In response, plaintiff filed a document entitled "Corrected Verified Motion for Entry of Default or Default Judgment, for Extension of Time, or for Other Relief/Response to Defendant's Motion for Summary Judgment." The court ruled that plaintiff's submission was improper because it did not, by affidavit or otherwise, set forth specific facts to demonstrate a triable issue. The court ordered plaintiff to submit a proper response:

Due to the voluminous and duplicative nature of the issues addressed by Plaintiff, the Court is unable to decipher whether Plaintiff has met the above legal standard to the extent necessary to survive a motion for summary judgment. At this time, it appears likely that Plaintiff has not met [his] burden. However, the Court will indulge Plaintiff with an additional twenty days in which to file a response to Defendant's Motion for Summary Judgment. Plaintiff is ORDERED to address *only* the issues raised in Defendant's motion. Any and all other requests for relief shall be individually asserted through separate written motions.

Plaintiff filed three additional documents. The court determined that none of them complied with its order and granted sum-

mary judgment for defendant. The court ruled that defendant had "shown specific facts probative of [her] right to judgment" and that plaintiff had failed to "set forth specific facts to demonstrate the existence of a triable issue."

Plaintiff then filed a motion for new trial. The court ordered this submission stricken because it was "replete with language that is disparaging and extremely disrespectful to opposing counsel and to the Court."

## II.

■ Plaintiff now appeals the order granting summary judgment. Defendant counters that summary judgment must be affirmed because plaintiff has failed to present a cogent assertion of error. We agree with defendant.

Plaintiff's opening brief purports to "incorporate by reference" over two hundred pages of pleadings that plaintiff filed in the trial court. This technique is improper because it attempts to shift—from the litigants to the appellate court—the task of locating and synthesizing the relevant facts and arguments. *See Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 452 (6th Cir.2003); *DeSilva v. DiLeonardi*, 181 F.3d 865, 867 (7th Cir.1999) ("A brief must make all arguments accessible to the judges, rather than ask them to play archaeologist with the record."). It also "makes a mockery" of the rules that govern the length of briefs. *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr S.A.*, 377 F.3d 1164, 1167 n. 4 (11th Cir.2004).

As the Colorado Supreme Court has stated:

Our Court will not search through briefs to discover what errors are relied on, and then search through the record for supporting evidence. It is the task of counsel to inform us, as required by our rules, both as to the specific errors relied on and the grounds and supporting facts and authorities therefor.

*Mauldin v. Lowery*, 127 Colo. 234, 236, 255 P.2d 976, 977 (1953).

Plaintiff's opening brief does not advance an identifiable assertion of error. Instead of setting forth a cogent argument, plaintiff presents tortured rhetoric:

[This case] is the stuff of which Turow best sellers and other works of "legal fiction" are made, and by which no jurist, either de jure or de facto, would wish to be remembered, but as to which the current chapter is about to be written by the august members of this select Panel—albeit in a strangely oxymoronic, yet altogether predictable, "unpublished" fashion, the very nature of which may yet cast grave doubt upon the continued vitality or viability of C.A.R. 35(f) *viz–a–viz*, such extraordinary case or circumstances.

. . . .

Like Dred Scott two centuries earlier, [plaintiff] and his previously described "ignominious" masses of Mexicano victims of [defendant's] pattern of theft, fraud, and conversion perpetrated within the course and scope of her capacity as their sole legal counsel, have yet to gain the recognition by the courts of Colorado of their status even as "persons" imbued with those rights, privileges, and immunities endemic to others of their species seeking some form of relief from these same courts.

Plaintiff's brief cites only one rule of procedure, C.A.R. 35(f), and only two cases: *Plessy v. Ferguson*, 163 U.S. 537, 16 S.Ct. 1138, 41 L.Ed. 256 (1896), and *Dred Scott v. Sandford*, 60 U.S. (19 How.) 393, 15 L.Ed. 691 (1856). None of these authorities is relevant to the trial court's ruling.

For these reasons, plaintiff's brief violates C.A.R. 28(a)(4), which requires the brief to set forth "the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on." It also violates C.A.R. 28(g), which imposes limitations on the lengths of briefs. In light of these failures and violations, we will not review the trial court's order. *See Mauldin v. Lowery, supra; In re Estate of Hays*, 127 Colo. 411, 257 P.2d 972 (1953) (writ of error dismissed where briefs were insufficient to advise the court of issues presented or merits thereof); *Middlemist v.*

*BDO Seidman, LLP,* 958 P.2d 486, 495 (Colo. App.1997) (declining to address propriety of trial court's orders where plaintiff failed to identify specific errors and to provide legal authority); *Biel v. Alcott,* 876 P.2d 60, 64 (Colo.App.1993) (affirming order of dismissal where appealing party failed to provide authority to support its contentions of error).

### III.

■ Defendant requests attorney fees and costs under C.A.R. 38(d). We grant this request and, acting on our own motion, also award attorney fees under § 13–17–102, C.R.S.2005.

Section 13–17–102(2), C.R.S.2005, states:

[I]n any civil action of any nature commenced or appealed in any court of record in this state, the court shall award, by way of judgment or separate order, reasonable attorney fees against any attorney or party who has brought or defended a civil action, either in whole or in part, that the court determines lacks substantial justification.

Under § 13–17–102(4), C.R.S.2005, a court may assess attorney fees on its own motion if it finds that an attorney or party has brought an action that lacks "substantial justification." An action lacks substantial justification if it is "substantially frivolous, substantially groundless, or substantially vexatious." Section 13–17–102(4).

■ Appeals may be deemed frivolous in two distinct ways:

First, where an appeal is taken in a case in which "the judgment by the tribunal below was so plainly correct and the legal authority contrary to appellant's position so clear that there is really no appealable issue," the appeal is held to be *"frivolous as filed."* Second, even in cases in which genuinely appealable issues may exist, so that the taking of an appeal is not frivolous, the appellant's misconduct in arguing the appeal may be such as to justify holding the appeal to be *"frivolous as argued."*

*Dungaree Realty, Inc. v. United States,* 30 F.3d 122, 124 (Fed.Cir.1994) (quoting *Romala Corp. v. United States,* 927 F.2d 1219, 1222 (Fed.Cir.1991)) (emphasis added; citation omitted).

Here, we cannot conclude that plaintiff's appeal is frivolous as filed. We do not know whether there is a "rational argument based on the evidence or law" buried somewhere in the record; nor do we know whether "the appeal is prosecuted for the sole purpose of harassment or delay." *Mission Denver Co. v. Pierson,* 674 P.2d 363, 366 (Colo.1984).

Nevertheless, we conclude that this appeal is frivolous as argued.

In enacting § 13–17–102(4), the general assembly recognized that courts "have become increasingly burdened with litigation which is straining the judicial system and interfering with the effective administration of civil justice." Section 13–17–101, C.R.S.2005. The general assembly instructed us to "liberally construe the provisions of this article to effectuate substantial justice and comply with the intent set forth in this section." Section 13–17–101.

■ We are "mindful of the possibility that awarding damages and costs could have an undue chilling effect on the behavior of later litigants." *Finch v. Hughes Aircraft Co.,* 926 F.2d 1574, 1578 (Fed.Cir.1991). But we also must consider the interests of parties who are forced to defend against frivolous appeals and parties whose cases await our attention. "Sanctions under Rule 38 thus perform two vital functions: They compensate the prevailing party for the expense of having to defend a wholly meritless appeal, and by deterring frivolity, they preserve the appellate calendar for cases truly worthy of consideration." *Finch v. Hughes Aircraft Co., supra,* 926 F.2d at 1578 (considering Fed. R.App. 38, which is comparable to C.A.R. 38(d) ).

■ We hold that an appeal "lacks substantial justification" and is "substantially frivolous" under § 13–17–102(4) when the appellant's briefs fail to set forth, in a manner consistent with C.A.R. 28, a coherent assertion of error, supported by legal authority. Thus, for the reasons previously stated, we adjudge that plaintiff's appeal lacks substantial justification. The appeal has burdened the judicial system and interfered with the effective administration of justice. Although

plaintiff had an opportunity to respond to defendant's request for sanctions, he has not justified his conduct. *See Mission Denver Co. v. Pierson, supra,* 674 P.2d at 366 (if appellee requests sanctions in the answer brief, appellant has notice and an opportunity to respond).

We therefore conclude that an award of attorney fees and costs incurred on appeal is warranted under C.A.R. 38(d) and § 13–17–102(2). *See Marriage of Purcell,* 879 P.2d 468, 469 (Colo.App.1994) (awarding attorney fees under C.A.R. 38(d) as a sanction for a frivolous appeal); *State Indus., Inc. v. Mor-Flo Indus., Inc.,* 948 F.2d 1573, 1581 & n. 10 (Fed.Cir.1991) (noting unanimity of decisions that attorney fees may be awarded as "just damages" under Fed. R.App. P. 38); *see also Refac Int'l, Ltd. v. Hitachi, Ltd.,* 921 F.2d 1247 (Fed.Cir.1990) (sanctions imposed under Fed. R.App. P. 38 for failure to present clear or cogent arguments); *Olympia Co. v. Celotex Corp.,* 771 F.2d 888 (5th Cir.1985) (sanctions imposed under Fed. R.App. P. 38 for rambling briefs that made no attempt to address elements required to obtain reversal).

We further conclude that the award of fees and costs should be imposed against plaintiff's attorney, and not against plaintiff.

Under § 13–17–102(3), C.R.S.2005, a court may allocate the payment of attorney fees among "the offending attorneys and parties, jointly or severally, as it deems most just, and may charge such amount, or portion thereof, to any offending attorney or party." This section allows an award exclusively against an attorney who bears sole responsibility for the offending conduct. *Parker v. Davis,* 888 P.2d 324, 326 (Colo.App.1994); *Anderson Boneless Beef, Inc. v. Sunshine Health Care Ctr., Inc.,* 878 P.2d 98, 101 (Colo.App.1994).

Where, as here, an appeal is frivolous for reasons that lie solely within the control of counsel, an appellate court may direct that an award of fees and costs be paid by counsel alone. *See Macklin v. City of New Orleans,* 300 F.3d 552, 554 (5th Cir.2002) (requiring attorney to pay award under Fed. R.App. P. 38 "because the quality of the research and briefing is within the province of the attorney"); *Herzfeld & Stern v. Blair,* 769 F.2d 645, 647 (10th Cir.1985) (award of fees imposed on attorney who was "responsible for this case and its presentation").

Therefore, we direct the trial court on remand to (1) determine the amount of reasonable attorney fees and costs incurred by defendant on appeal under C.A.R. 38(d) and § 1317103, C.R.S.2005, and (2) assess that amount against plaintiff's attorney alone.

The judgment is affirmed. The case is remanded for an award of attorney fees and costs incurred on appeal to be assessed against attorney Richard K. Blundell.

Judge WEBB and Judge HAWTHORNE concur.