24CA0247 Forbes v ICAO 09-26-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0247
Industrial Claim Appeals Office of the State of Colorado
WC No. 4-797-103

---

Bud Forbes,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado, Barbee's Freeway Ford, and Mid-Century Insurance Company,

Respondents.

---

ORDER AFFIRMED

Division A
Opinion by JUDGE TAUBMAN*
Román, C.J., and Davidson*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced September 26, 2024

---

Bud Forbes, Pro Se

No Appearance for Respondent Industrial Claim Appeals Office

Law Office Of Collin T. Welch, Joe M. Espinosa, Oklahoma City, Oklahoma, for Respondents Barbee's Freeway Ford and Mid-Century Insurance Company


*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1     In this workers' compensation action, claimant, Bud Forbes, seeks review of a final order of the Industrial Claim Appeals Office (Panel) affirming the decision of an administrative law judge (ALJ) that his claim is closed.  We affirm the Panel's order.

## I.     Background

¶ 2     This case has a lengthy and complex history with a previous appeal to the Panel, an appeal to this court, and a petition for writ of certiorari to the Colorado Supreme Court.  Because a division of this court already thoroughly reviewed and set forth the history of this case in a prior opinion, *Forbes v. Indus. Claim Appeals Off.*, slip op. at 1-9 (Colo. App. No. 21CA0674, Feb. 3, 2022) (not published pursuant to C.A.R. 35(e)), we repeat only the facts and procedural history relevant to Forbes's current appeal.

¶ 3     The parties do not dispute that Forbes was injured while he was working for Barbee's Freeway Ford (Ford).  On March 31, 2009, an overhead garage door came down and hit Forbes on the top of his head.  After Forbes received treatment for the injury, Ford and its insurer, Mid-Century Insurance Company (collectively respondents), filed a Final Admission of Liability (FAL).  In the FAL, respondents stated that Forbes had reached maximum medical

1

improvement (MMI), admitted to maintenance care after MMI, and agreed to $115,725.56 in medical benefits, $91,449.26 in temporary total disability benefits, and $15,690.70 in temporary partial disability benefits.  Respondents claimed an overpayment of $38,775.87 because their payments had exceeded the statutory cap.  Forbes objected to the FAL, requested a division-sponsored independent medical examination, and applied for a hearing.  Before the hearing, the parties reached a settlement on all issues.

¶ 4     In the settlement, respondents agreed to (1) pay Forbes $182,500 (in addition to the benefits they had already paid); (2) fund a Workers' Compensation Medicare Set Aside (set-aside) to pay for additional medical maintenance care; and (3) leave open medical benefits until the set-aside had been approved.  In return, Forbes agreed to waive his right to seek additional compensation or benefits related to the claim.  The parties agreed that the claim would never be reopened except on the ground of fraud or mutual mistake of material fact.  On May 9, 2013, the Division of Workers' Compensation approved the settlement agreement.  A few years later, after the set-aside was approved, the parties moved to jointly amend the settlement documents.  The set-aside included an

immediate cash payment of $8,881 to Forbes and $4,238 per year for the next twenty-two years. On May 21, 2015, an ALJ approved the amended settlement.

¶ 5 On April 16, 2020, Forbes filed a petition to reopen his workers' compensation claim on the grounds of fraud and mutual mistake of fact . After multiple days of hearings, an ALJ denied the petition, finding that Forbes had failed to establish any fraud or mutual mistake to justify reopening. Forbes appealed to the Panel, which affirmed. Forbes then appealed to a division of this court, asserting fourteen arguments including, but not limited to, the following: (1) respondents committed fraud, misrepresented facts, concealed medical records, and sought to influence his treating doctors' opinions in various ways; (2) the ALJ denied his requests to read arguments into the record and admit certain records; and (3) respondents' counsel, doctors, the ALJ, and the Panel committed perjury or were not credible.

¶ 6 A division of this court rejected all of Forbes's arguments and affirmed the Panel's order in an unpublished opinion on February 3, 2022. Forbes then filed a petition for writ of certiorari to the Colorado Supreme Court, which was denied on May 16, 2022.

¶ 7     On September 22, 2022, Forbes filed an application for hearing (AFH) before an ALJ on the issue of whether respondents were required to file a petition to modify, terminate, or suspend compensation (petition to terminate).  A hearing was scheduled, but Forbes failed to appear.  The ALJ dismissed the AFH with prejudice in February 2023, due to lack of jurisdiction because Forbes's claim was closed by a full and final settlement.  The ALJ also concluded that Forbes's petition to reopen based on fraud or mutual mistake had been dismissed, and appeals concerning that determination had been exhausted.

¶ 8     Forbes did not appeal that order, but instead filed a new AFH in April 2023 endorsing the same issues as in his prior AFH.  The ALJ held that Forbes had waived and forever given up the right to claim any additional benefits on the approval of the settlement agreement.  The ALJ determined that he had no jurisdiction over the claim because it was closed, but nevertheless addressed Forbes's contention and determined that respondents were not required to file a petition to terminate because benefits had been properly terminated by the applicable statutes and rules when they filed an FAL.

¶ 9     Forbes filed a petition to review that order with the Panel.  In a January 2024 order, the Panel noted that Forbes had provided a lengthy argument alleging fraud and due process violations and continued to argue that respondents had failed to comply with rules concerning how to terminate benefits.  The Panel rejected those arguments, agreeing with the ALJ that Forbes's claim was closed and that neither the ALJ nor the Panel had jurisdiction to address Forbes's contention that the respondents should have filed a petition to terminate.  The Panel went on to consider that issue, however, "to the extent that the ALJ provided that information to [Forbes] as dicta."  It agreed with the ALJ's determination that when Forbes was placed at MMI, the respondents could terminate temporary disability benefits by filing an FAL, and were not required to file a petition to terminate.

¶ 10    Forbes now appeals the Panel's order.

## II.    Discussion

### A.    Issues on Appeal

¶ 11    Forbes's opening brief contains only two sentences: (1) his "position is still the same as presented to the last two Courts" and (2) he "stands by his prior position statements."  On May 15, 2024,

5

however, this court issued an order stating that, "[u]pon review of the opening brief, the notice of appeal is accepted as the opening brief in this matter."

¶ 12    Forbes's notice of appeal makes numerous arguments concerning missing worksheets, "manufactured medical records," allegedly "false and misleading statements," and a "biased order" that "perpetuates fraud." He also generally alleges, among other things, that his constitutional and due process rights were violated.

¶ 13    In their answer brief, respondents present the issues on appeal as whether the ALJ and Panel erred by (1) determining that the respondents were not under a duty to file the petition to terminate and (2) finding no jurisdiction because the case was closed.

B.    Standard of Review

¶ 14    As relevant here, we may only set aside the Panel's order if "the findings of fact are not supported by the evidence" or the "denial of benefits is not supported by applicable law." § 8-43-308, C.R.S. 2024.

## C. Analysis

¶ 15 At the outset, we note that many of the issues Forbes asserts in this appeal are duplicative of ones he made in the appeal before a prior division of this court. To the extent that the division already rejected those arguments, we consider those issues law of the case. *St. John's Church in the Wilderness v. Scott*, 2012 COA 72 ("when the decision in question issued from the same appellate court, a different division of that court may exercise its discretion and decline to apply the law of the case doctrine, but only 'if it determines that the previous decision is no longer sound because of changed conditions or law, or legal or factual error, or if the prior decision would result in manifest injustice.'"). Here, Forbes's arguments concerning alleged fraud, omission of medical records, and misrepresentation have already been addressed and rejected. We perceive no reason to revisit those issues.

¶ 16 The only new issue presented in this appeal is whether the ALJ or Panel erred by determining that the respondents were not required to file the petition to terminate. Here, the Panel agreed with the ALJ's determination that respondents properly terminated temporary disability benefits by filing the FAL under section

8-42-105(3)(a), C.R.S. 2024, and Rule 6-1 of the Workers' Compensation Rules of Procedure (WCRP), Div. of Workers' Comp. Rule 6-1, 7 Code Colo. Regs. 1101-3.  We discern no error in that finding.

¶ 17     When an employer or insurer admits liability for temporary disability benefits, those benefits must continue until terminated in accordance with the statute or the applicable rules.  Here, the applicable statute and rules allow the termination of temporary disability benefits without a hearing by respondents filing an FAL with a medical report from the authorized treating physician stating that a claimant has reached MMI.  *See* § 8-42-105(3)(a) ("Temporary total disability benefits shall continue until the first occurrence of any one of the following: (a) [t]he employee reaches [MMI] . . . .).

¶ 18     Under WCRP 6-1, as long as the FAL complies with certain provisions, including a medical report from an authorized treating physician stating the claimant has reached MMI, the filing of the FAL is sufficient to terminate temporary disability benefits.  In this case, respondents' FAL has already been deemed sufficient under the applicable statutes and rules by an ALJ, the Panel, and a prior

division of this court. Therefore, Forbes's continued contentions regarding the FAL are unpersuasive.

¶ 19    We also conclude that the ALJ and the Panel correctly determined that Forbes's workers' compensation claim is closed due to the settlement and the denial of his petition to reopen. Under section 8-43-204(1), C.R.S. 2024, if a settlement expressly provides that a claim shall not be reopened, "such settlement shall not be subject to being reopened . . . other than on the ground of fraud or mutual mistake of material fact." Forbes's arguments concerning any alleged fraud or mutual mistake of material fact have already been thoroughly addressed and decided. Because his remaining arguments in this appeal are conclusory, we will not address them. *See Sanchez v. Indus. Claim Appeals Off.*, 2017 COA 71, ¶ 62 (declining to address the claimant's argument because he offered nothing more than one or two conclusory sentences, with no citations to legal authority in support of the argument); *Castillo v. Koppes-Conway*, 148 P.3d 289, 291 (Colo. App. 2006) (a party who does not refer to evidence or authority in support of an argument does not present a cogent argument for review).

## III. Disposition

The Panel's order is affirmed.

CHIEF JUDGE ROMÁN and JUDGE DAVIDSON concur.