25CA1989 Marriage of Zunker 05-14-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA1989
City and County of Denver District Court No. 11DR4141
Honorable Adam J. Espinosa, Judge

---

In re the Marriage of

Derek Zunker,

Appellee,

and

Sabrina Zunker,

Appellant.

---

APPEAL DISMISSED IN PART, ORDER AFFIRMED,
AND CASE REMANDED WITH DIRECTIONS

Division I
Opinion by JUDGE FOX
J. Jones and Dunn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 14, 2026

---

Sherr Puttmann Akins Lamb PC, Tanya L. Akins, Denver, Colorado, for
Appellee

Sabrina Zunker, Pro Se

¶ 1     In this post-dissolution of marriage proceeding involving Derek Zunker (father) and Sabrina Zunker (mother), mother appeals from the district court's adoption of the magistrate's order effectively denying her pro se motion seeking the magistrate's recusal. We dismiss mother's appeal in part and otherwise affirm. We also award father his appellate attorney fees under section 13-17-102, C.R.S. 2025, and we accordingly remand the case for the district court to determine the reasonable amount of father's attorney fees.

## I.     Background

¶ 2     The parties' three-year marriage ended in 2012. They are the parents of one child.

¶ 3     The parties originally shared equal parenting time. In November 2017, a district court magistrate awarded father sole decision-making responsibility and modified parenting time, with father becoming the majority-time parent. In October 2020, mother's attorneys withdrew from the case.

¶ 4     Since October 2022, mother has engaged in a persistent campaign of filing largely meritless pro se motions and other requests for relief with the district court. In all, mother filed more

than twenty-five motions and other requests for relief between October 2022 and September 2024.

¶ 5    Given mother's barrage of pro se pleadings, in January 2024, father moved to enjoin her from filing additional pleadings as a pro se party. After holding a hearing, a district court magistrate granted father's motion and prohibited mother from filing any further motions or other requests for relief without an attorney.

¶ 6    The magistrate cited mother's numerous filings and found that her conduct had been "egregious and harassing" because she had been "us[ing] the judicial process to disrupt [father]'s life" and was causing him to incur significant legal costs. The magistrate also found that most of mother's pro se filings did "not contain legal authority, misstate[d] facts, and [were] repetitious." Similarly, the magistrate observed that mother "simply appeals every [m]agistrate [o]rder [to the district court] as a matter of course," and that the arguments in her multiple petitions for review were "often unclear, overlapping, circular, and recycled."

¶ 7    Mother unsuccessfully petitioned for district court review, and another division of this court later affirmed in *In re Marriage of Zunker*, (Colo. App. No. 25CA0123, Oct. 23, 2025) (not published

2

pursuant to C.A.R. 35(e)).  That division agreed that mother's filings were often meritless, given that they did not contain relevant legal authority, were repetitious and circular, and otherwise contained numerous arguments taken from previously denied motions.  *Id.* at ¶ 19.

¶ 8     In January 2025, father also obtained an award of approximately $80,000 in attorney fees against mother under section 13-17-102 arising from her numerous frivolous filings.  That award of attorney fees has since been affirmed by a different division of this court in *In re Marriage of Zunker*, (Colo. App. No. 25CA1431, May 14, 2026) (not published pursuant to C.A.R. 35(e)).

¶ 9     Undeterred by the existing order barring her from filing pro se motions, on August 25, 2025, mother filed a motion seeking the recusal of the magistrate assigned to her case.  Mother's motion represented, at minimum, her third attempt to have the magistrate recuse from the case.  One day later, the magistrate issued an order stating that mother's motion had been "accepted in error" and indicated that there would be "NO ACTION TAKEN," effectively denying the motion.  After mother petitioned for district court

review, the reviewing district court judge adopted the magistrate's order because mother was barred from filing pro se.

## II. Appellate Review of Magistrate Orders

¶ 10 Our review of a district court's order adopting a magistrate's decision is effectively a second layer of appellate review. *In re Marriage of Sheehan*, 2022 COA 29, ¶ 22. We must accept the magistrate's factual findings unless they are clearly erroneous. *In re Marriage of Young*, 2021 COA 96, ¶ 8. However, we review questions of law de novo. *Sheehan*, ¶ 22.

## III. Prior Court Orders

¶ 11 As best as we can discern, much of mother's appeal is directed at multiple other orders that significantly predate the magistrate's order effectively denying mother's motion to recuse. Specifically, mother repeatedly asks us to vacate orders issued years ago on topics such as the court's allocation of parental responsibilities, father's income for child support purposes, the adequacy of father's financial disclosures, and mother's previous motions to recuse the magistrate.

¶ 12 But mother's attempt to appeal these prior orders is time barred. An appellate court must always be satisfied that it has

4

jurisdiction to hear an appeal. *Chavez v. Chavez*, 2020 COA 70, ¶ 22. If a timely notice of appeal is not filed, we lack jurisdiction to review the appeal. *In re Marriage of Roddy*, 2014 COA 96, ¶ 7; *In re Marriage of Buck*, 60 P.3d 788, 789 (Colo. App. 2002). Specifically, a notice of appeal must be filed "within 49 days" of the entry of a final judgment or order. C.A.R. 4(a)(1). Moreover, when a magistrate order is involved, an "[a]ppeal of an order or judgment of a district court magistrate may not be taken to the appellate court unless a timely petition for review has [first] been filed and decided" by the district court. *See* C.R.M. 7(a)(11) (2025) (repealed 2026).

¶ 13 Here, mother's notice of appeal — filed in October 2025 — postdates by multiple years the various other orders that she now asks us to vacate, and to the extent applicable, mother has not identified where she sought timely district court review of those orders. Thus, because mother did not timely seek our review of those other orders in accordance with C.A.R. 4(a)(1) and C.R.M. 7(a)(11), we lack the jurisdiction to review those orders. *Roddy*, ¶ 7. We thus dismiss mother's appeal as to all orders except for the district court's October 14, 2025, order adopting the magistrate's order denying mother's recusal motion, and we decline to address

the numerous arguments that mother makes related to those prior orders.

IV.    Denial of Mother's Motion to Recuse the Magistrate

¶ 14    While most of mother's appeal is directed at old court orders, mother advances a few arguments which, giving her the benefit of the doubt, can be construed as challenging the magistrate's order that effectively denied her recusal motion.  However, we are not persuaded by mother's contentions.

¶ 15    It is apparent to us that the magistrate took no action on mother's motion to recuse because of the existing order barring mother from filing pro se.  The reviewing district court judge likewise cited that order enjoining mother from filing pro se when adopting the magistrate's order.  And that order prohibiting mother from "filing any further motions or requests for relief" while pro se was unambiguous and plainly applied to mother's pro se motion seeking the magistrate's recusal.  Thus, the magistrate did not err in effectively rejecting mother's motion on that basis.

¶ 16    Likewise, to the extent that mother now asks us to vacate that existing order prohibiting her from filing pro se, we decline to do so given that it was affirmed by another division of this court in

*Zunker*, No. 25CA0123, slip. op. at ¶ 30, and she hasn't given us any reason to exercise our discretion to depart from what is now the law of the case. *See Core-Mark Mid-Continent, Inc. v. Sonitrol Corp.*, 2012 COA 120, ¶ 10 (the law of the case is discretionary when applied to a court's own prior decisions, and recognizing circumstances in which refusing to follow a prior decision of the same court would be justified). And we otherwise lack the authority to entertain in the first instance a request from mother to lift the order barring her from filing pro se motions. *See In re Marriage of Evans*, 2021 COA 141, ¶ 11 ("Our jurisdiction is limited to review of final, appealable judgments or orders.").

¶ 17     Mother also seems to assert that she was denied due process in the specific context of her recusal motion because the order prohibiting her from filing pro se has effectively insulated the magistrate from disqualification on account of the biases alleged by mother. *See People v. Acosta*, 2014 COA 82, ¶ 92 (recognizing that a judge must be free of any bias, prejudice, or interest directed toward a party).

¶ 18     Due process requires, at a minimum, notice and a meaningful opportunity to be heard. *Van Sickle v. Boyes*, 797 P.2d 1267, 1273-

74 (Colo. 1990); *In re Marriage of Hatton*, 160 P.3d 326, 329 (Colo. App. 2007). We interpret mother's argument as an allegation that the order preventing her from filing pro has denied her a meaningful opportunity to be heard as to her motion to recuse the magistrate. But we are not persuaded for multiple reasons.

¶ 19    To start, mother is not barred from seeking the recusal of the magistrate. Instead, mother is enjoined from seeking the magistrate's recusal *while mother is pro se*. And critically, when the reviewing district court judge originally adopted the magistrate's order enjoining mother from filing pro se, the reviewing judge specifically found that mother could afford an attorney to represent her, yet mother nevertheless continued to go without counsel. Therefore, if mother wished to file a motion to disqualify the magistrate on account of alleged bias, mother in fact had an adequate remedy, which was to hire an attorney to act her behalf.

¶ 20    Moreover, mother has not cited any legal authority supporting her assertion that her due process rights were violated, nor has she developed her contention beyond restating her grievances with the magistrate. We accordingly decline to further address mother's undeveloped contentions. *See Barnett v. Elite Props. of Am., Inc.*,

252 P.3d 14, 19 (Colo. App. 2010) ("We will not consider a bald legal proposition presented without argument or development.").

¶ 21 Mother also appears to challenge the rejection of her motion to recuse based on the concepts of cumulative error and structural error. Although these concepts are applicable in criminal appeals, they have not been extended to civil cases, and we therefore reject her claim that reversal is warranted under such concepts in this civil proceeding. *See Acierno v. Garyfallou*, 2016 COA 91, ¶ 66; *People in Interest of E.R.S.*, 2019 COA 40, ¶ 37.

¶ 22 Lastly, to the extent that mother asks us to independently remove the magistrate from the case based on her allegations of bias, we again may not entertain such a request because we are a court of limited jurisdiction. *Evans*, ¶ 11.

## V.  Appellate Attorney Fees and Costs

¶ 23 Relying on C.A.R. 38 and 39, plus section 13-17-102, father seeks his appellate attorney fees and costs. Under section 13-17-102, he asserts that mother's appeal is substantially frivolous, groundless and vexatious. We agree that an award of appellate attorney fees and costs is warranted.

¶ 24    Under section 13-17-102(2), a court "shall award" reasonable attorney fees "against any attorney or party who has brought . . . a civil action, either in whole or in part, that the court determines lacked substantial justification." An action lacks substantial justification when it is "substantially frivolous, substantially groundless, or substantially vexatious." § 13-17-101.5(1), C.R.S. 2025. However, a court cannot assess fees against a pro se party "unless the court finds that the party clearly knew or reasonably should have known that the party's action or defense, or any part of the action or defense, was substantially frivolous, substantially groundless, or substantially vexatious." § 13-17-102(6).

¶ 25    An appeal may be frivolous in one of two ways: as filed or as argued. *Calvert v. Mayberry*, 2019 CO 23, ¶ 45. An appeal is frivolous as filed if "there are no legitimately appealable issues because the judgment below 'was so plainly correct and the legal authority contrary to the appellant's position so clear.'" *Id.* (quoting *Castillo v. Koppes-Conway*, 148 P.3d 289, 292 (Colo. App. 2006)). An appeal is frivolous as argued if "the appellant 'fail[s] to set forth . . . a coherent assertion of error, supported by legal authority.'" *Id.* (quoting *Castillo*, 148 P.3d at 292) (alteration in original).

10

¶ 26    Mother's appeal is both frivolous as filed and as argued.  First, it is frivolous as filed because it largely fails to present legitimately appealable issues given that our review of most of the issues identified in the opening brief is time-barred.  Mother knew or reasonably should have known that she may not untimely appeal years-old orders because she has been previously sanctioned in the district court for her nonstop attempts to relitigate long-settled issues, and her attempts to untimely appeal such orders have been dismissed by this court in previous appeals.  *See In re Marriage of Zunker*, slip. op. at ¶¶ 12-15 (Colo. App. No. 24CA1180, May 1, 2025) (not published pursuant to C.A.R. 35(e)).

¶ 27    Moreover, the magistrate's order that effectively denied mother's recusal motion was plainly consistent with the existing order that unambiguously prohibited mother, with no exceptions, from filing any motions or requests for relief while pro se.  That prohibition was then upheld by another division of this court in *Zunker*, No. 25CA0123, slip. op. at ¶ 30, mere days after mother filed her notice of appeal in this proceeding.  Yet, mother nevertheless persisted in prosecuting this appeal, in which she, in

effect, seeks to bypass the order enjoining her from filing pro se despite the affirmance of the same in *Zunker*, No. 25CA0123.

¶ 28    Moreover, a significant portion of mother's appeal is frivolous as argued because it consists of a laundry list of her grievances against the magistrate and father's counsel, unrelated to the magistrate's order denying her motion to recuse. These grievances, which mother presents with minimal legal authority, are largely related to her dissatisfaction with prior court orders. Mother's attempt to challenge this litany of issues was already rejected in *Zunker*, No. 25CA0123, slip. op. at ¶¶ 22-25.

¶ 29    For similar reasons, mother's attempt to relitigate, for the umpteenth time, prior claims that were previously unsuccessful in this court and the district court is substantially vexatious. *See GHP Horwath, P.C. v. Kazazian*, 2024 CO 8, ¶ 2 (characterizing "fruitless attempts at relitigating long-decided issues" as "vexatious behavior"). Therefore, mother should know by now that her ongoing efforts to relitigate these previously resolved issues, such as child support and husband's financial disclosures, are without merit. *See Rose L. Watson Revocable Trust v. BP Am. Prod. Co.*, 2014 COA 11, ¶¶ 25-26 (awarding appellate fees where a party "continue[d] to

assert frivolous arguments even after courts ha[d] repeatedly declared that those arguments are frivolous").

¶ 30 In sum, we conclude that an award of attorney fees against mother is warranted. We exercise our discretion under C.A.R. 39.1 to remand the case to the district court for a determination of father's reasonable attorney fees incurred on appeal. Lastly, we award father his costs in connection with C.A.R. 39(a)(1) and (2).

## VI. Disposition

¶ 31 The order is affirmed and the case is remanded to district court for further proceedings regarding the amount of father's reasonable appellate attorney fees under section 13-17-102 and the amount of father's appellate costs under C.A.R. 39. We dismiss the portions of mother's appeal that challenge orders predating the district court's October 14, 2025, order.

JUDGE J. JONES and JUDGE DUNN concur.