No. 18,233.

META TATHAM *v.* FIRST NATIONAL BANK OF FORT COLLINS,
CONSERVATOR, ETC.

(326 P. [2d] 983)

Decided June 23, 1958.

Mr. JOHN R. WALL, for plaintiff in error.

Mr. ALDEN T. HILL, Mr. RALPH H. COYTE, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

DEFENDANT in error, herein referred to as the Bank, was appointed conservator of the estate of plaintiff in error on June 11, 1952, by the county court of Larimer County, Colorado, following an adjudication in the county court of Pueblo, Colorado, on May 19, 1952, that plaintiff in error was an insane person. The estate of Meta Tatham consisted of assets aggregating about $31,000. Alden T. Hill and Ralph H. Coyte were named by the conservator Bank as its attorneys in the Tatham estate.

In September 1956 Meta Tatham, acting through her Pueblo counsel, had the Pueblo county court proceeding dismissed on the ground that she was not and never had been a resident of Pueblo County, Colorado. On September 21, 1956, plaintiff in error filed in the Larimer county court a motion for the discharge of the Bank as conservator and praying that she be reinvested with the assets of her estate. Pursant to said motion the Larimer county court ordered the Bank to make a final accounting on October 8, 1956, and on that date the county court took under advisement the matter of the petition for the discharge of the Bank as conservator. On November 19, 1956, plaintiff in error pursuant to C.R.S. '53, 152-10-42 filed a petition requesting that an inquisition be had of one Charles R. Steetle, stating that he had allegedly concealed, carried away or disposed of property, money, goods and chattels of Meta Tatham, and prayed that a citation issue directed to the said Charles R. Steetle requiring him to appear before the Larimer county court. Pursuant to this petition a citation was issued, returnable December 4, 1956, at which time both the Bank and Steetle appeared and were represented by Alden T. Hill. After a hearing the citation was quashed. Thereafter, and on December 27, 1956, plaintiff in error filed her objections to the accounting submitted by the

Bank and specifically objected to the allowance of attorneys' fees for the Bank's counsel, basing her objection on the ground that said attorneys "had been and still were representing Charles R. Steetle, an adverse party to the best interests of" plaintiff in error. After hearing the trial court found "That there is no evidence justifying a conclusion that Alden T. Hill or Ralph H. Coyte at any time material to their right to fees, represented any interest adverse to Meta Tatham, and that the fees paid to them were very reasonable." In addition the trial court determined that because of the objections filed the Bank incurred further attorneys' fees in the sum of $100. The objections to the final report were overruled. At the hearing it was stipulated that the fees allowed and paid by the Bank were reasonable.

There is absolutely nothing in the record disclosing that Hill and Coyte, as counsel for the Bank, acted in the slightest degree adversely to the interests of plaintiff in error.

Counsel for plaintiff in error states in his brief filed herein that counsel for the Bank "flagrantly violated all of the ethics of an honorable profession." This statement in the brief of plaintiff in error was and is unjustified by the record in the case, and is ordered stricken from the brief in which it is printed.

The only jurisdiction remaining in the Larimer county court after dismissal of the proceedings in the Pueblo court was to order a final accounting from the conservator bank and to direct that the property in the hands of the bank be restored to Meta Tatham.

It was plainly the duty of Hill and Coyte, counsel for the Bank, to object to any ancillary proceedings against Mr. Steetle because the trial court lacked jurisdiction in such a proceeding. It appears from the record that the purpose of the inquiry was "in preparation for a suit later against Mr. Steetle for an accounting." The attempted interrogation of Mr. Steetle had nothing to do with the settlement of the Bank's account. What counsel

for plaintiff in error was complaining about and by their petition sought to elicit, had nothing to do with assets which had come into the possession of the Bank as conservator. We observe nothing in the action of Hill and Coyte even remotely indicating an interest adverse to that of plaintiff in error.

To summarize: The estate was opened in June 1952, and the services of Hill and Coyte were rendered in connection with the opening of the estate, the investment of funds, making tax returns, and the continued handling of the estate for the conservator from June 1952 to October 1956, when the final report was filed, and thereafter in connection with the objections to the final report and the hearings and proceeding since October 1956, made necessary by the actions of Meta Tatham and her counsel.

In view of the finding of the trial judge that the fees allowed were reasonable, and this finding being amply supported by the record before us and the law applicable to the case, the judgment is affirmed.