No. 22088.

DAVIS VICK AND ROBERT OKEY *v.* THE PEOPLE OF THE STATE OF COLORADO.

(445 P.2d 220)

Decided September 16, 1968.     Rehearing denied October 7, 1968.

MARSHALL QUIAT, for plaintiffs in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JOHN P. MOORE, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

DAVIS VICK and Robert Okey, plaintiffs in error (defendants), were charged and convicted in the district court of "wagering upon games," in the City of Central (Central City), Gilpin County, in violation of C.R.S. 1963, 40-10-9. The defendants admit gambling, but claim their acts were lawful, because the gambling activity occurred in a casino licensed by the city pursuant to a valid city ordinance.

The defendants concede that there is a conflict between the ordinance and C.R.S. 1963, 40-10-9, but claim that the ordinance supersedes the statute. The defendants rely upon *Canon City v. Merris*, 137 Colo. 169, 323 P.2d 614, and *Woolverton v. Denver*, 146 Colo. 247, 361 P.2d 982, in support of their argument.

The *Merris* decision involved a conflict between a state statute and an ordinance of Canon City relating to driving a motor vehicle while under the influence of intoxicating liquor. The court was concerned with the question of whether such an offense should be prosecuted under the ordinance or under state law. We held that it was a matter of state-wide concern; consequently, the statute controlled.

*Woolverton* involved the validity of an ordinance of the City and County of Denver which declared gambling to be a crime. The issue was whether the city ordinance and C.R.S. 1963, 40-10-9, could coexist in view of the *Merris* decision. This court held that the statute and the ordinance were not mutually exclusive and permitted them to coexist.

Canon City and Denver are both home rule cities. Central City is not. Ordinances of home rule cities, created under Article XX of the Colorado Constitution, in matters of strictly local concern supersede state

statutes relating to those matters, but, in matters of both local and state interest, the municipality does not have a superseding authority. In the latter situation, *Woolverton* holds that a home rule city had a supplemental authority which permitted its ordinance to coexist with the state statute, *so long as they are not in conflict.*

■■ In *Ray v. Denver,* 109 Colo. 74, 121 P.2d 886, this court observed that it "is a fundamental principle that an ordinance which is in conflict with a state law of general character and state-wide application is invalid." Also, see *Glendinning v. Denver,* 50 Colo. 240, 114 P.652. So, where the ordinance authorizes the doing of acts which the statute prohibits, the ordinance is invalid.

It is most difficult to understand the aid and comfort which the defendants derive from *Merris* and *Woolverton.* The philosophy and the rules of law enunciated in *Merris* and *Woolverton* would even invalidate an ordinance of a home rule city licensing gambling establishments if, as here, the ordinance conflicted with a state statute on the same subject. Central City, as a non-home rule city, has less legislative power and authority than a home rule city.

■ The status of Central City, by virtue of its Territorial Charter, was litigated in *City of Central v. Axton,* 159 Colo. 69, 410 P.2d 173. The opinion in *Axton* reviews in depth the legislative and judicial history relating to Central City's charter; it will not be repeated here. Suffice it to say that Central City, by virtue of its ancient charter, has retained no authority which overrides or supersedes the state statutes on gambling.

The other arguments advanced by defendants do not have sufficient merit to warrant extending this opinion.

The judgment is affirmed.