25CA0123 Marriage of Zunker 10-23-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0123
City and County of Denver District Court No. 11DR4141
Honorable Marie Avery Moses, Judge

---

In re the Marriage of

Derek Zunker,

Appellee,

and

Sabrina Zunker,

Appellant.

---

ORDER AFFIRMED

Division A
Opinion by JUDGE BERGER*
Román, C.J., and Bernard*, J., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 23, 2025

---

Sherr Puttmann Akins Lamb, PC, Tanya L. Akins, Denver, Colorado for Appellee

Sabrina Zunker, Pro Se

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1    In this post-dissolution of marriage proceeding involving Derek Zunker (father) and Sabrina Zunker (mother), mother appeals from the district court's adoption of the magistrate's order enjoining her from filing additional pro se motions or requests for relief. We affirm.

## I.    Background

¶ 2    The parties' three-year marriage ended in 2012. They are the parents of one child.

¶ 3    The parties originally shared equal parenting time. In November 2017, a district court magistrate awarded father sole decision-making responsibility and modified parenting time, with father becoming the majority-time parent. In October 2020, mother's attorneys withdrew from the case.

¶ 4    Since October 2022, mother has engaged in a persistent campaign of filing pro se motions and other requests for relief with the district court. Over that time, mother's pro se pleadings included:

- two motions for the district court magistrate to recuse;
- a motion to modify child support;

1

- two motions seeking to lift existing orders limiting her right to record father and other third parties and lift limitations on her right to communicate with third parties about the case;

- multiple motions to stay court orders and continue court proceedings;

- two separate motions for "clarification" of prior court orders;

- multiple motions to dismiss pleadings filed by father;

- multiple motions seeking to compel father and other third parties to produce documents; and

- nine separate petitions for district court review of various magistrate orders.

¶ 5     In all, mother filed over twenty-five motions and other requests for relief between October 2022 and September 2024.

¶ 6     In response to mother's barrage of pro se pleadings, in January 2024, father moved to enjoin her from filing additional pleadings as a pro se party. After holding a hearing, a district court magistrate granted father's motion and prohibited mother from

filing any further motions or other requests for relief without an attorney.

¶ 7 The magistrate cited mother's numerous filings and found that her conduct had been "egregious and harassing" because she had been "us[ing] the judicial process to disrupt [father]'s life" and was causing him to incur significant legal costs. Critically, the magistrate found that most of mother's pro se filings did "not contain legal authority, misstate[d] facts, and [were] repetitious." Similarly, the magistrate observed that mother "simply appeals every [m]agistrate [o]rder [to the district court] as a matter of course," and that the arguments in her multiple petitions for review were "often unclear, overlapping, circular, and recycled."

¶ 8 The magistrate also found that mother's numerous pro se filings took "significant time for the clerk's office and [the] courtroom staff to process" and consequently "interfere[d] with the interests of other litigants and the public's access to the court through repetitive and nonsensical filings." For example, the magistrate cited mother's July 21, 2024, "Motion for Clarification," which contained thirty-eight exhibits.

¶ 9 Mother petitioned for district court review, and the reviewing district court judge adopted the magistrate's order. In support, the reviewing district court judge made additional findings, including the observation that "none of [mother's] substantive motions ha[d] been granted by the magistrate or the district court." The district court also found, based on mother's recent sworn financial statement, that she could afford an attorney to represent her.

## II. Order Enjoining Pro Se Filings

### A. Standards of Review and Applicable Law

¶ 10 Our review of a district court's order adopting a magistrate's decision is effectively a second layer of appellate review. *In re Marriage of Sheehan*, 2022 COA 29, ¶ 22. We must accept the magistrate's factual findings unless they are clearly erroneous, meaning that they have no support in the record. *In re Marriage of Young*, 2021 COA 96, ¶ 8. However, we review de novo questions of law. *Sheehan*, ¶ 22.

¶ 11 "Our constitution guarantees every person access to the courts of this state." *Karr v. Williams*, 50 P.3d 910, 913 (Colo. 2002) (citing Colo. Const. art. II, § 6). However, the right to access the courts is not absolute and must be balanced against the need to protect the

4

judicial system from abuse.  *Id.* at 913-14.  Therefore, a court may exercise its discretion to impose a narrowly tailored limitation on a party's ability to pursue litigation when that limitation does not place an unreasonable burden on a party's right to access the courts.  *See id.* at 914; *Bd. of Cnty. Comm'rs v. Winslow*, 706 P.2d 792, 794 (Colo. 1985).

¶ 12 The supreme court has considered the following actions as hampering the efficient administration of justice to an intolerable degree, such that enjoining a litigant from affirmatively proceeding pro se was warranted:

(1) filing a multitude of meritless claims;

(2) bringing claims that appear to be aimed at harassing opposing parties; or

(3) using procedures to expand litigation in ways that strain judicial resources.

*GHP Horwath, P.C. v. Kazazian*, 2024 CO 8, ¶ 67.

¶ 13 Given the important constitutional rights involved, we review de novo a restriction on a party's right to file pro se pleadings.  *See Lewis v. Colo. Rockies Baseball Club, Ltd.*, 941 P.2d 266, 271 (Colo.

1997); *Morris-Schindler, LLC v. City & County of Denver*, 251 P.3d 1076, 1084 (Colo. App. 2010).

## B.    Discussion

¶ 14    As best as we can discern, mother contends that district court erred by adopting the magistrate's order enjoining her from filing additional pro se motions because she was subsequently successful in an appeal arising from one of her pro se motions.  We reject this argument.  In *In re Marriage of Zunker*, slip op. at ¶ 1 (Colo. App. No. 24CA1180, May 1, 2025) (not published pursuant to C.A.R. 35(e)), mother appealed the district court's adoption of a magistrate's order that had denied, under the doctrine of res judicata, mother's pro se request to lift prior limitations that had been placed on her right to record father and communicate with third parties.  Another division of this court ultimately reversed the district court's order and remanded for further proceedings because the magistrate had misapplied the doctrine of res judicata given that the doctrine only bars a party from relitigating claims in a separate legal proceeding, as opposed to within the same legal proceeding.  *Id.* at ¶¶ 17, 19, 22, 24.

¶ 15    But for multiple reasons, we reject mother's suggestion that the resolution of that appeal in her favor demonstrates that her pro se filings have been meritorious, and therefore, the order enjoining her from filing pro se motions was in error.

¶ 16    To start, when enjoining mother from filing pro se, the magistrate and the reviewing district court judge did not have the benefit of the division's opinion in *Zunker*, which was issued after both the magistrate's order and the district court's review. Therefore, the later resolution of *Zunker* in mother's favor could not have been considered by the magistrate and district court.

¶ 17    However, even if we consider the outcome of *Zunker*, we disagree that mother's success in that appeal means that she has presented persuasive and meritorious arguments. Taking judicial notice of this court's file in *Zunker, see Harriman v. Cabela's Inc.*, 2016 COA 43, ¶ 64, we observe that at no point in her appellate briefing did mother argue that res judicata did not apply to orders within the same proceeding, which was the rationale upon which the division in *Zunker* reversed and remanded for further proceedings. *See Zunker*, No. 24CA1180, slip op. at ¶¶ 17, 19, 22,

24. Instead, mother had argued that the application of the doctrine of res judicata was a violation of her constitutional rights.

¶ 18 Moreover, while the division in *Zunker* remanded the case for further proceedings because the magistrate had improperly applied res judicata, that division otherwise expressed no opinion as to the merits of mother's underlying requests for relief. *See id.* at ¶¶ 19-24.

¶ 19 Finally, although mother may have prevailed in *Zunker*, we observe that she has not even attempted to justify her numerous other pro se filings involving matters outside the scope of that appeal, which were also cited by the magistrate as justifying an order enjoining her from proceeding pro se. Our review of mother's numerous other pro se motions and requests for relief supports the magistrate's conclusion that her filings were often meritless, given that they did not contain relevant legal authority, were repetitious and circular, and otherwise contained numerous arguments recycled from previously denied motions. *See Kazazian*, ¶ 67.

¶ 20 Similarly, we find record support for the magistrate's observation that mother's numerous and lengthy filings were consuming a disproportionate amount of court resources. *See id.*

For example, a petition for district court review filed by mother on January 8, 2024, contained over seventy exhibits spanning approximately 2,200 pages.

¶ 21   Thus, we perceive no error in the magistrate's decision to enjoin mother from filing additional pro se motions. *See id.*

### III.   Mother's Other Contentions

¶ 22   With little explanation and minimal legal authority, mother presents a laundry list of additional claimed errors that are unrelated to the magistrate's order enjoining her from filing pro se, and which largely consist of her grievances against husband, the magistrate, and the district court.

¶ 23   To start, it is not clear to us what order or orders mother is even attempting to appeal, as her lengthy list of alleged errors spans multiple years of the parties' litigation and even references other civil proceedings. And while mother suggests that the magistrate has erred by not "reconsidering" prior evidence, testimony, and court orders, she has not directed us to any motion and resulting final order in which she requested such relief. *See In re Marriage of Evans*, 2021 COA 141, ¶ 11 ("Our jurisdiction is limited to review of final, appealable judgments or orders.").

¶ 24     Moreover, mother's protracted list of alleged errors violates C.A.R. (a)(7)(A), requiring a separate heading for each issue as to the applicable standard of review and issue preservation, C.A.R. 28(a)(7)(B), requiring "a clear and concise discussion of the grounds upon which the party relies in seeking a reversal" of an order, and C.A.R. 28(a)(8), requiring an appellant to identify "the precise relief sought" on appeal.

¶ 25     Lastly, to the extent that we can discern her contentions of error, we decline to address them given that they are largely undeveloped and presented without supporting legal authority. *See In re Marriage of Zander*, 2019 COA 149, ¶ 27 (appellate court will not consider an argument not supported by any meaningful legal analysis), *aff'd*, 2021 CO 12; *see also Antolovich v. Brown Grp. Retail, Inc.*, 183 P.3d 582, 604 (Colo. App. 2007) (declining to review appellants' arguments because they reflected a "shotgun approach" and set forth "little analysis"). We also do not address new or expanded arguments made for the first time in a reply brief. *See In re Marriage of Dean*, 2017 COA 51, ¶ 31.

## IV. Appellate Attorney Fees

¶ 26 Asserting that mother's appeal lacks substantial justification, father requests an award of his appellate attorney fees under section 13-17-102, C.R.S. 2025. An appeal lacks substantial justification when it is substantially frivolous, substantially groundless, or substantially vexatious. § 13-17-102(9)(a). However, mother is pro se, and therefore, before imposing an award of appellate attorney fees under that statute, we must conclude that she clearly knew or reasonably should have known that her claims lacked substantial justification before we may award father attorney fees. § 13-17-102(6).

¶ 27 We view at least portions of mother's appeal as lacking substantial justification, especially given her failure to follow the appellate rules when asserting numerous, largely undeveloped contentions of error in a disjointed, shotgun-style pleading. *See Antolovich*, 183 P.3d at 604; C.A.R. 28(a)(7), (8). But we are not convinced that mother clearly knew or reasonably should have known that all or any portion of her appeal lacked substantial justification. § 13-17-102(6).

¶ 28　　Mother is now on notice of her obligation to comply with the appellate rules in any future appellate proceedings and of the potential consequences if she does not, including dismissal and the potential for sanctions. *See* C.A.R. 38; § 13-17-102; *Martin v. Essrig*, 277 P.3d 857, 862 (Colo. App. 2011) (authorizing sanctions for frivolous appeals).

¶ 29　　Given our disposition, father is entitled to an award of his appellate costs. *See* C.A.R. 39(a)(2).

V.　　Disposition

¶ 30　　The order is affirmed.

CHIEF JUDGE ROMÁN and JUDGE BERNARD concur.